<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TWIN RIVERS LAKE APARTMENTS HORIZONTAL PROPERTY REGIME, INC., | |
| Appellant, | |
|  | Civ. A. No. 05-4560 |
| v. | |
|  | **OPINION** |
| ORIT R. WALLNER, et al., | |
| Appellee. | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Twin Rivers Lake Apartments Horizontal Property Regime, Inc. ("Twin Rivers" or "Appellee") of the March 31, 2005 interlocutory Order of United States Bankruptcy Judge Raymond T. Lyons. The Court has jurisdiction over appeals from the Bankruptcy Court by virtue of 28 U.S.C. § 1334(a). Federal Rules of Bankruptcy Procedure 8001(b) and 8002 grant this Court jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, pursuant to 28 U.S.C. § 158(a)(3), where leave to appeal has been granted. This Court has granted such leave. (166-168)[1] [Docket Entry No. 3]. For the reasons that follow, Judge Lyons' March 31, 2005 Order is **REVERSED**, and the matter is remanded for proceedings consistent with this opinion.

---

[1] The Court shall refer to items within the Designation of Record using their bate stamp number.

I.  **FACTS**

    A.  **Background**

The Appellee-Debtor, Orit Wallner, filed a Chapter 13 bankruptcy petition on February 8, 2005. (003-006.) Her father, Gavriel Wallner, is the record owner of real property located at 5-1 Twin Rivers Drive, East Windsor, New Jersey (the "Property"). In November 2002, while Appellee-Debtor's parents were in the midst of a divorce, Mr. Wallner advised Appellee-Debtor that he was contemplating going away and that, if he did, Appellee-Debtor should move into the Property. (031, at para. 6.) Shortly after this conversation, Appellee-Debtor's father failed to meet her for a planned outing. (Id. at para. 6.) One of his neighbors advised Appellee-Debtor that she had driven Mr. Wallner to the airport and that he gave her the keys to the Property so that she could give them to the Appellee-Debtor. (Id.) In December 2002, Appellee-Debtor moved into the Property and has maintained it as her principle residence since that time. (Id. at para. 8.)

After Appellee-Debtor moved into the Property, common assessment charges owed by Mr. Walner to the apartment association, Twin Rivers, were not paid. Twin Rivers initiated action against Mr. Wallner to obtain a judgment and foreclosure on the Property, which resulted in a Final Judgment of Foreclosure dated June 11, 2004. (063-064.) On August 16, 2004, Appellee-Debtor and Twin Rivers entered into a Promissory Note with respect to debt owed to Twin Rivers (031 at ¶ 8). The Promissory Note referred to Appellee-Debtor as "the 'Occupant' whose current primary residence is 5-I Twin Rivers Drive, East Windsor, New Jersey" (034) and that "the occupant acknowledges and accepts as her sole and personal obligation under this Note liability to pay all amounts due from the debtor to the Regime by virtue of his ownership of the

unit . . the occupant acknowledges her acceptance of the debtor's financial obligation as the resident of the unit." (Id.)  It further states:

> The occupant promises to pay the sum of $8,991.53 (the "Past Due Total") in consideration of the Regime's promise to postpone the current foreclosure, including postponing a sheriff's sale of the Unit.  In addition, the Occupant must also stay current with respect to all maintenance charges and other charges that come due in the ordinary course of the regime's business as of August 1, 2004.  Thereafter, once the Past-Due Total is paid in full and the Occupant is current on all other obligations, the Regime will execute a discharge of lien and forward same to the Occupant for her to record.

(Id.)  The Promissory Note set forth a payment plan for the "Past-Due Total" and ongoing "monthly common assessments, . . . on or before the 1st day of each month . . . ." (Id.)  With respect to default, the Promissory Notes provided as follows:

> If the Occupant fails to make the payments as required by this Note by the time such payments come due each month, the Regime may declare that the Occupant is in default on the Note.  Upon default, the Regime may continue in its foreclosure by scheduling a sheriff's sale of the Unit and/or sue the Occupant personally per this note.

(035.)  Appellee-Debtor signed the Promissory Note on August 16, 2004.  (065.)

Appellee-Debtor made payments pursuant to the Promissory Note until, sometime in 2005, she stated she misdated a check submitted pursuant to the Promissory Note and Twin Rivers treated it as a default and proceeded with foreclosure and the Sheriff's Sale.  (140-141.)

On February 8, 2005, Appellee-Debtor filed a petition in Chapter 13 bankruptcy.  She did not list any ownership interest in the Property on Schedule "A" of her petition (006) nor did she list any leasehold interest in the Property on Schedule "G" of her petition (013).

Although Twin Rivers was aware that Appellee-Debtor had filed a Chapter 13 bankruptcy

petition (037), counsel for Twin Rivers directed the Sheriff of Mercer County to proceed with the Sheriff' Sale on February 16, 2005 (038). The Announcement for Sheriff's Sale stated that the sale is subject to the rights of any occupants at the Property and specifically states that a family member remains on the premises and that she is not an owner or record lessee of the Property. (073.) The Property was sold at a Sheriff's Sale on February 16, 2005, and a Sheriff's Deed passed to Hyun Soon Nam and Yoomi Moon. (106.)

### B. Procedural History

On February 25, 2005, Appellee-Debtor filed a motion before the Bankruptcy Court for an order setting aside the February 16, 2005 Sheriff's Sale and declaring the Sheriff's Deed null and void. The Debtor also filed an application for an Order Shortening Time Period. (027.) The Bankruptcy Court entered an Order Shortening Time Period and scheduled a hearing for March 2, 2005. (046.) Twin Rivers filed opposition to the Motion and a Cross-Motion to Lift and/or Annul the Automatic Stay. (054.)

On March 2, 2005, the Honorable Kathryn C. Ferguson (1) denied Appellee-Debtor's motion to set aside the sale with prejudice; (2) held Twin Rivers' actions regarding scheduling the Sheriff's Sale did not violate the automatic stay; (3) held Twin Rivers' actions regarding scheduling the Sheriff's Sale were not sanctionable; and (4) adjourned Twin Rivers' cross-motion until March 15, 2005 before the Honorable Raymond T. Lyons. (163-64.) In her reasoning, Judge Ferguson stated:

> I did briefly look at your cross motion and the supporting papers, because you provided a copy, a courtesy copy in chambers, which I appreciate. But this is a Judge Lyons case and I don't think that is something that needs to be heard on an emergent basis. I'll schedule it the next date that Judge Lyons is hearing 13.

> In the meantime, the motion to set aside the sheriff sale on the automatic stay, 362 bars action taken against a debtor or against property of the estate, neither of those things are implicated here.
> This condo is not property of the estate because it's no[t] owned by this debtor and debtor's counsel has not suggested other interest that the debtor has in the condo that would make it property of the estate. The fact that the debtor assumed the debt on this property does not make it property of the estate. The other – automatic stay could apply is if the foreclosure was an action against the debtor, it was not. The debtor was not named in the Foreclosure complaint and any judgment would be solely against her father and the property of Twin Rivers which would initiate a complaint based on the promissory note the debtor signed, that would be subject to the automatic stay, but an end run foreclosure against the property owned by the debtor's father is not an action against property of the estate or an action against the debtor.
> What this debtor has is a possessory interest in this property and I guess that became property of the estate, therefore Twin Rivers could not commence an eviction action against the debtor without obtaining relief from the automatic stay under Atlantic Business and Community Corporation. That is what the cross motion is about and I'm sure Judge Lyons, I think he is hearing Chapter 13 on the 15th of this month. But in the meantime, the motion to vacate the sheriff sale will be denied, with the stamped order.

(163-64.) Twin Rivers' counsel attended the March 2, 2005 hearing but Appellee-Debtor's counsel did not. (162.) On March 15, 2005, Judge Ferguson entered an Order embodying her rulings. (100-102.)

On March 22, 2005, Judge Lyons heard argument on Twin Rivers' cross-motion and <u>sua sponte</u> reconsidered Judge Ferguson's March 15, 2005 Order. Counsel for Twin Rivers, the Appellee-Debtor, and her counsel attended. (133.) In his ruling, Judge Lyons stated as follows:

> I'm going to reconsider the debtor's motion to set aside the sheriff's sale. It seems to me that the debtor has an opportunity to, a reasonable prospect of showing that she has a recognizable interest in this property. It appears that her father, who has legal title to the property, authorized his daughter to live there and that

5

in order to live there his daughter would have to pay the mortgage on the property and pay the other expenses to keep the property.

(149.) He further stated:

> It seems to me that Ms. Wallner has a reasonable prospect of proving that she has a colorable interest in this property that was given to her by her father. Exactly what that property interest is I don't know, but at the minimum it's a right to occupy the property, that the regime recognized in this promissory note that Ms. Wallner had an interest in this property, that she was residing there, and that the regime agreed to forestall the foreclosure proceeding if Ms. Wallner would undertake to pay the outstanding charges due to the regime, including the monthly charges to their legal fees, which she did agree to do.
> 
> And apparently she was attempting to pay in accordance with that agreement when something happened, either she fell behind on the payments or she made a payment with a check that was not dated correctly as she says and it didn't clear the bank. And when she tried to rectify that, the regime wouldn't accept that and proceeded with a foreclosure.
> 
> Now Ms. Wallner has filed a Chapter 13 petition and plan in which she proposes to cure all defaults under that agreement and to reinstate that agreement. So it seems to me that the filing of this petition brought into effect the automatic stay that protects her interest in this property, even it it's merely a possessory interest, that the sheriff's sale cannot defeat her possessory interest, that the sheriff's sale was void as to any interest that Ms. Wallner has and that she should be entitled to see if she can confirm this plan of reorganization, pay off everything that's due to the association and remain in the property as long as she's able to make the payments in the future, until such time as her father returns and decides what to do. Perhaps the father will deed this to her. I don't know what's going on in the divorce case.
> 
> . . .
> 
> So I'm going to reconsider the motion to reimpose the stay or to set aside the sheriff's sale. I'm going to find that the sale was in violation of the automatic stay. I'm going to deny the motion by the association for relief from the automatic stay. It's going to be conditioned on your continuing to make all payments to the association after the date of your bankruptcy petition, the regular payments that are due. And in addition, you have to make all the payments to Mr. Kaplan, your Chapter 13 trustee.

(150-53.)  On March 31, 2005, Judge Ferguson entered an Order to this affect.  (110-113.)

On August 15, 2005, Twin Rivers obtained leave to appeal Judge Lyons' rulings (166-168) and, on September 20, 2005, filed the instant appeal [Docket Entry No. 1].  In this appeal, Twin Rivers argues Judge Lyons erred in (1) sua sponte reconsidering Judge Ferguson's March 15, 2005 Order (Appellant's Br. at 11-12); (2) holding that the Appellee-Debtor possessed an interest in the Property, making it part of her bankruptcy estate and, therefore, subject to the automatic stay (id. at 12-14); (3) ruling that Twin Rivers' actions regarding the completion of the Sheriff's Sale on February 16, 2005 violated the automatic stay (id.); (4) holding the Sheriff's Deed, which had been forwarded to the purchasers, Hyun Soon Nam and Yoomi Moon, was null and void (id.); and (5) denying Twin Rivers' cross-motion to lift and/or annul the automatic stay (id. at 15-17).

In its response, Appellee-Debtor argues (1) Judge Lyons was within his powers to sua sponte reconsider Judge Ferguson's Order of March 15, 2005 (Appellee-Debtor's Br. at 12-14); (2) she had a possessory interest in the Property sufficient to invoke the automatic stay (id. at 14-17); and (3) the Bankruptcy Court correctly denied Twin Rivers' cross-motion to lift and/or annul the automatic stay (id. at 18-19).

II.     DISCUSSION

    A.     **Standard of Review**

The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal.  Legal conclusions of a bankruptcy court are subject to de novo or plenary review by the district court.  Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997); Chemetron Corp. v. Jones, 72 F.3d

7

341, 345 (3d Cir. 1995). The factual determinations are not to be set aside unless "clearly erroneous." See Fed. R. Bankr. P. 8013; Chemetron Corp., 72 F.3d at 345; In re Indian Plans Assocs., Ltd., 61 F.3d 197, 203 (3d Cir. 1995). On review of the factual findings of a bankruptcy court, a district court must "give due regard to the opportunity of that court to judge, first-hand, the credibility of the witnesses." Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995). Where a matter presents mixed questions of law and fact, it is appropriate to apply the relevant standard to each component of the issue. Chemetron, 72 F.3d at 345.

> B.   **The Automatic Stay**

Bankruptcy Code Section 362 provides that, subject to exceptions not relevant to this case, the filing of a bankruptcy petition operates as an automatic stay of actions against the debtor. 11 U.S.C. § 362(a). Section 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> **(4)** any act to create, perfect, or enforce any lien against property of the estate;

>**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
>**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
>**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
>**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a). As a general matter, the stay applies to actions to obtain possession of "property of the estate," which is defined broadly to include all legal or equitable interests of the debtor in the property as of the commencement of the case. See 11 U.S.C. § 541(a)(2)-(5); In re Atlantic Bus. & Cmty. Corp., 901 F.2d 325, 327 (3d Cir. 1990) (hereinafter "Atlantic Business"). It also applies, in some circumstances to "property from the state," which includes "property in the possession or control of the trustee or the debtor-in-possession, but only to the extent the trustee or debtor-in-possession has a good-faith, colorable claim to possession or control of the property." In re St. Clair, 251 B.R. 660, 667 (D.N.J. 2000).

Appellee-Debtor was not named in the foreclosure complaint, and has not been sued on the Promissory Note. Rather, she argues the automatic stay applies because she had a possessory interest in the Property sufficient to make it "property of the estate" and, therefore, subject to the automatic stay. The Court must, therefore, determine whether or not Appellee-Debtor's interest in the Property is sufficient to invoke the automatic stay.

9

The Court of Appeals for the Third Circuit has held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." Atlantic Business, 901 F.2d at 328; see also 11 U.S.C. § 541 (Revision Notes and Legislative Reports 1978 Acts) ("The debtor's interest in property includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example."). In the Atlantic Business case, the Third Circuit held that efforts to evict a "tenant at sufferance" violated the automatic stay. In that case, debtor Atlantic Business and Community Development Corp. ("ABCD") filed a Chapter 11 petition in bankruptcy and, thereafter, continued to operate a radio station in Atlantic City, New Jersey. 901 F.2d at 326. Cuffee owned the building, studio equipment, office furnishings, and albums that ABCD used in its business with Cuffee's permission. Id. After ABCD filed for bankruptcy, Cuffee made efforts to lock its employees out of the premises and ABCD sought an injunction from the Bankruptcy Court. Id. at 327. The Bankruptcy Court granted the injunction, compensatory and punitive damages, and legal fees, holding that Cuffee's conduct violated the automatic stay. Id. The district court affirmed the Bankruptcy Court and Cuffee appealed to the Court of Appeals for the Third Circuit. Id.

On appeal, Cuffee argued his termination of the tenancy did not violate the automatic stay because ABCD did not have any interest in the property. Id. In deciding the case, the Court accepted the contention that ABCD was a "tenant at sufferance."[2] Id. at 328, n.1. The Third

---

[2]Under New Jersey law, a "tenant at sufferance" is "one who comes into possession of land by lawful title, usually by virtue of a lease for a definite period, and after the expiration of the period of the lease, holds over without any fresh leave from the owner." Mintz v. Metropolitan Life Ins. Co., 153 N.J. Super. 329, 333 (App. Div. 1977). Stated differently, "[a]

10

Circuit joined with courts that recognize that "a possessory interest in real property is within the ambit of the estate of bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." Id. at 328 (citing In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir. 1987)). Accordingly, the court held "a debtor's possession of a tenancy at sufferance creates a property interest as defined under Section 541, and is protected by Section 362 of the Bankruptcy Code." Id.

In In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir. 1987) (hereinafter "48th Street"), upon which the Atlantic Business court relied, the Court of Appeals for the Second Circuit held that a landlord's efforts to terminate its lease with a company (I.S.H.), which subleased the premises to the debtor (48th Street), violated the automatic stay. The Court noted that, under New York law, when a prime lease falls, so does the sublease. Id. at 431. Therefore, the court reasoned that because "Landlord's attempt to terminate I.S.H.'s lease, if successful, would have resulted in the destruction of 48th Street's subtenancy, Judge Bronzman correctly held that Landlord's termination notice violated the automatic stay with respect to 48th Street and was therefore void." Id.; see also In re Lewis, 15 B.R. 643, 644-45 (E.D. Pa. 1981) (holding eviction proceedings violated the automatic stay because debtor was still in possession of premises and had right to prevent repossession by paying rent).

At least one court within this circuit has construed Atlantic Business to mean that the mere presence of an occupant, without more, is sufficient to invoke the automatic stay to protect

---

tenant at sufferance is one who had a possessory interest in land by virtue of a conveyance and wrongfully remains in possession after the termination of his estate without claiming a superior title." Roxfort Holdings Co. v. U.S., 176 F. Supp. 587, 589 (D.N.J. 1959).

11

the occupant from eviction. In this regard, Appellee-Debtor relies on In re Blaylock, 301 B.R. 443 (Bkrtcy. E.D. Pa. 2003), in which the Bankruptcy Court for the Eastern District of Pennsylvania held that eviction proceedings against a debtor, Blaylock, who occupied a premises unlawfully, were subject to the automatic stay. The property owner argued that Atlantic Business was distinguishable because the tenant there entered the building lawfully whereas Blaylock was a squatter who never had a lawful property interest in the property. Id. at 445. The owner further argued that, under the St. Clair case, Blaylock's mere possessory interest, without a colorable legal claim to the property, was insufficient to invoke the automatic stay. Id. In rejecting the owner's arguments, the Blaylock court stated:

> While the reasoning of St. Clair is logical, the court enunciates a rule that has the potential of undermining the legislatively intended benefit of the automatic stay. It arguably gives license to parties to take post-petition action against a debtor when they unilaterally believe the debtor's claim to the property is not "colorable." This is in contrast to the general understanding that a party takes action against a debtor at its peril in the face of the bankruptcy stay and is at risk of sanctions for a wilful violation of § 362 unless nunc pro tunc relief is granted.

Id. at 447-48. The court further reasoned that, had the Court of Appeals for the third Circuit wished to modify its unequivocal holding in Atlantic Business that "the language of Section 362 makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay," the St. Clair affirmance would have been accompanied by an opinion explaining such modifications. Id. at 448. Accordingly, the Blaylock court held that the debtor's mere possessory interest, even without a colorable legal claim to the property, was sufficient to invoke the automatic stay.

Other courts within this circuit have required that a debtor possess a colorable legal claim to an interest in the property, in addition to mere presence, to make that property "property of the estate" and invoke the benefits of the automatic stay. In In re St. Clair, 251 B.R. 660, 667 (D.N.J. 2000), the debtors were former owners of property against which a mortgage holder, Beneficial, obtained a judgment of foreclosure and effectuated a Sheriff's Sale. Id. at 662-63. Beneficial purchased the property at the Sheriff's Sale, sought eviction of the occupants, and obtained a writ of possession. Id. While the eviction proceedings were pending, the occupants filed a Chapter 13 petition in bankruptcy. Id. Debtors' petition was ultimately dismissed because the bankruptcy court held they no longer had any interest in the property. Id. Debtors appealed the bankruptcy court's dismissal and obtained an emergency stay of the eviction from the New Jersey State Court. Id.

In denying debtors' appeal, the District Court reasoned that delivery of the Sheriff's Deed to Beneficial extinguished "the debtors' right and title to the property, including the equitable right of redemption." Id. at 665. It further reasoned that the issuance of a writ of possession expunged any possessory interest a mortgagor has vis-a-vis the purchaser, "whether by tenancy at sufferance or otherwise." Id. The St. Clair court held that "property from the estate" under Section 362(a)(3) "encompasses property in the possession or control of the trustee or the debtor-in-possession, but only to the extent the trustee or debtor-in-possession has a good-faith, colorable claim to possession or control of the property." Id. at 667. Given its lack of colorable interest by virtue of the Sheriff's Deed and writ of possession that Beneficial obtained, the court held that debtor did not have a sufficient interest to invoke the automatic stay. Id. The court further reasoned that "a party who finds a debtor living in his home upon returning from an

13

extended vacation should not have to seek relief from the automatic stay to reclaim possession when the debtor has no good faith claim to possession of the home and the owner's right to possession of the home is not in dispute." Id.  The court noted that its conclusion conflicted with those cases that held that mere possession was protected by the stay, but that its ruling did not conflict with Atlantic Business where the debtor was effectively in possession of the property with the lessor's permission when the bankruptcy case was commenced. Id. at 667-68.

Moreover, in In re Turner, 326 B.R. 563 (W.D. Pa. 2005), the Bankruptcy Court for the Western District of Pennsylvania held that a debtor's interest in property, which was akin to a squatter's, was insufficient to invoke the protection of the automatic stay.  In Turner, a landlord, who had obtained a judgment for eviction and writ of possession in state court, sought relief from the automatic stay to proceed with eviction of a Chapter 13 debtor, and the debtor argued she had sufficient interest in the property to continue to invoke the stay.  362 B.R. at 566-69.   In granting landlord relief from the stay, the Turner court reasoned that:

> [w]here an unexpired lease exists at the time of filing, a debtor may assume the lease upon providing cure or adequate assurance of prompt cure.  However, where a lease has expired at the time of filing, there is nothing for the debtor to assume, even if it can be shown that adequate assurance exists.

Id. at 573 (citations omitted).  Accordingly, the Turner court held that the debtor, while present in the property, did not have sufficient interest to maintain the automatic stay.

C.   **Analysis**

Unlike the occupants of property in Atlantic Business and 48th Street, the Appellee-Debtor does not have the requisite "possessory interest" in the Property sufficient to invoke the

14

automatic stay.  In Atlantic Business, the Court considered the debtor to have been a "tenant at sufferance," which is one who obtained some possessory right in property, usually by virtue of a lease or conveyance.  In 48th Street, a property owner's efforts to terminate its lease with an entity that subleased to the debtor were subject to the automatic stay because, if the primary lease was terminated, so would the debtor's sublease.  In those cases, therefore, there appears to have been some legal status or event that conferred rights upon the debtor to occupy the property.  The Appellee-Debtor does not claim to have received any such conveyance.  Her bankruptcy petition does not indicate that she either owns or leases the Property.  Rather, it is undisputed that her father, Gavriel Wallner, is the sole owner.  Her presence at the property, therefore, is akin to a guest of the owner and she had demonstrated no colorable legal interest in the property beyond that.

While Appellee-Debtor argues that her presence confers some type of property interest, this argument is not supported by any law that recognizes such a legal or equitable interest by virtue of mere presence.  Thus, in the absence of a colorable legal interest in the Property, the Appellee-Debtor does not have a "possessory interest" sufficient to invoke the automatic stay.  See St. Clair, 251 B.R. at 667; see also In re Anderson, No. Civ. A. 04-1278, 2004 WL 3643696, at *3 (Bkrtcy. D.S.C. 2004) (citing St. Clair and holding that the debtor occupants of premises who were the subject of an eviction proceeding "should, at the very least, demonstrate some good-faith, colorable claim to or basis for possession" to invoke the automatic stay); Culver v. Boozer, 285 B.R. 163, 167 (D. Md. 2002) (holding debtor's physical possession of the property on the date she filed for bankruptcy, without more, is an insufficient interest to make property "property of the estate" under Section 541 and trigger the automatic stay).  Thus, Appellee-

Debtor's interest in the Property is insufficient to invoke the automatic stay.

Even assuming, arguendo, that the Debtor-Appellee had the requisite legal or equitable interest to confer upon her a "possessory interest" under Atlantic Business, that interest remains unaffected because the Sheriff's Sale was subject to such interest. The Announcement for Sheriff's Sale specifically states that a family member remains on the premises and that she is not an owner or record lessee of the Property. (073.) Judge Furguson recognized this when, at the March 2, 2005 hearing, she stated:

> The debtor was not named in the Foreclosure complaint and any judgment would be solely against her father and the property of Twin Rivers which would initiate a complaint based on the promissory note the debtor signed, that would be subject to the automatic stay, but an end run foreclosure against the property owned by the debtor's father is not an action against property of the estate or an action against the debtor.

(163-64.) She further stated that, to the extent the debtor has a possessory interest in the property, such interest "would become property of the estate, therefore Twin Rivers could not commence an eviction action against the debtor without obtaining relief from the automatic stay under Atlantic Business and Community Corporation." (164.) The event at issue in this case is not an eviction, but rather a Sheriff's Sale. Since the sale was subject to whatever rights Appellee-Debtor held at the time of the sale, the Court agrees with Judge Ferguson and holds, in the alternative, that Appellee-Debtor's interests remained unaffected by the sale.

Accordingly, Twin Rivers' actions regarding the completion of the Sheriff's Sale on February 16, 2005 did not violate the automatic stay, and the Sheriff's Deed, which had been forwarded to the purchasers, Hyun Soon Nam and Yoomi Moon, was not null and void by virtue

of such violation. Given these conclusions, the Court need not decide whether or not Judge Lyons' sua sponte reconsideration of Judge Ferguson's Order was proper; or the Bankruptcy Court erred in denying Twin Rivers' cross-motion to annul and/or lift the automatic stay.[3]

### III. CONCLUSION

For all of these reasons, the Court shall vacate the Bankruptcy Court's ruling of March 31, 2005 and remand for further proceedings consistent with this Opinion. An appropriate Order shall issue.

Dated: July 18, 2006

/s/Stanley R. Chesler
United States District Judge

---

[3] The Court notes, however, that had it reached the issue, it would reverse the Bankruptcy Court's denial of relief from the automatic stay in view of the Appellee-Debtor's tenuous connection to the Property. See, e.g., In re Liggett, 118 B.R. 213, 218 (Bankr. S.D.N.Y. 1990) ("Even if bare occupancy were deemed to be an equitable interest in the [property], and thus property within the meaning of Code § 541, it would not assist the Debtor because that interest is so tenuous as to represent merely a scintilla of interest insufficient to warrant the continued protection of the automatic stay."); Matter of R.R.S., Inc., 7 B.R. 870, 873 (Bankr. M.D. Fla. 1980) ("[T]he automatic stay provision of § 362 of the Bankruptcy Code does protect the debtor's naked right of possession of the premises, but for a very limited time only.").